IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-213-BO

| | |
|---|---|
| CECILIA SPENCER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on cross-motions for judgment on the pleadings. [DE 22, 25]. A hearing on this matter was held in Elizabeth City, North Carolina, on December 15, 2015. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and the judgment of the commissioner is REVERSED.

## BACKGROUND

Plaintiff's case has a long, complicated procedural history. She first applied for disability benefits in 2008, was awarded them, and then had the case remanded in 2010. On remand, the new Administrative Law Judge (ALJ) issued an unfavorable opinion. Plaintiff appealed and the case was remanded again. The third hearing is what brings the matter before the court now. Plaintiff applied for disability insurance benefits on February 20, 2008. Her amended alleged onset date is October 18, 2010. [Tr. 873]. An ALJ held a video hearing on May 23, 2013. [Tr. 721]. The ALJ issued an unfavorable decision on August 9, 2013. [Tr. 718]. On April 24, 2014, the Appeals Council again remanded the case. [Tr. 716]. Then, on August 26, 2014, the Appeals Council denied review. [Tr. 712]. On October 10, 2014, the Appeals Council again denied

review after consideration of additional evidence. [Tr. 708–11]. Thus, the ALJ's denial became the final decision of the Commissioner. [Tr. 709]. Plaintiff then sought review in this Court.

On her alleged onset of disability date, plaintiff was 50 years old; she is now 55 years old. [Tr. 732]. She has a high school education and a prior career as nurse's assistant. [Tr. 731–32]. Plaintiff has a history of fibromyalgia, L4-5 disc bulge, and depression. [Tr. 723].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity (RFC) to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant

2

bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found that plaintiff has not engaged in substantial gainful activity since February 20, 2008. [Tr. 723]. Second, the ALJ determined that plaintiff's fibromyalgia, L4-5 disc bulge, and depression were severe impairments. *Id.* However, none of plaintiff's impairments or combination of impairments met or equaled a listing. [Tr. 724]. Next, the ALJ determined that plaintiff was capable of performing light work with limitations. [Tr. 725]. Plaintiff could perform only three to four step work, could perform repetitive duties that varied only occasionally, and was unable to work with production quotas. *Id.* Finally, though plaintiff was unable to perform past relevant work, the ALJ determined that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. [Tr. 731–32]. A vocational expert testified that these jobs include laundry worker, electronic worker, and small parts assembly. [Tr. 732]. Accordingly, the ALJ found that plaintiff was not disabled since February 20, 2008. [Tr. 733]. Plaintiff now seeks review of the determination that she is not disabled.

Substantial evidence does not support the ALJ's RFC finding in this case. Residual functional capacity "is the most [claimant] can still do despite [claimant's] limitations." 20 CFR 404.1545(a)(1). The RFC determination considers physical, mental, and other abilities that may affect work performance. 20 CFR 404.1545. When considering physical limitations, "[a] limited ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions . . . may reduce [claimant's] ability to do past work and other work." 20 CFR 404.1545(b). Work is classified based on physical exertion requirements. 20 CFR 404.1567. Light work "involves lifting no more than 20 pounds

3

at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 CFR 404.1567(b). Light work involves "a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* Someone capable of light work "must have the ability to do substantially all of these activities." *Id.*

Here, the substantial evidence does not support the conclusion that plaintiff was capable of light work. Instead, the record indicates that plaintiff should have been found to have an RFC of sedentary. Treating physician Dr. Obad Awan noted that plaintiff's lifting, carrying, standing, walking, pushing, pulling, climbing, balancing, kneeling, crawling, stooping, and reaching abilities were all affected by the impairments. [Tr. 1046–47]. These limitations are attributable to plaintiff's joint swelling and back pain. [Tr. 1047]. Despite these findings, Dr. Awan was not even mentioned in the ALJ's decision.

Moreover, the light RFC contradicts plaintiff's statements as to her condition. Plaintiff stated at the hearing that the pain in her back prevented her from standing in one position for more than fifteen minutes, sleeping soundly, and sitting for a long period of time. [Tr. 1344]. Plaintiff also stated that her pain made lying down the most comfortable position, with sitting or standing being the worst. [Tr. 1345]. Plaintiff stated that she took Percocet for pain four times a day. [Tr. 1344]. The ALJ made no finding that plaintiff was less than credible and yet determined that plaintiff was capable of light work despite the above statements.

Finally, the vocational expert's (VE's) testimony also indicates that plaintiff is incapable of light work. The ALJ inquired if someone who "could not, as [plaintiff] testified, do anything at all, stays in bed for most part of the day, and is able to perhaps wash a dish" could perform the jobs the vocational expert had identified. [Tr. 1351]. The VE's answer was a negative. *Id.* Moreover, when plaintiff's attorney presented a hypothetical which laid out Dr. Awan's findings

4

and asked if such an individual would be able to perform the jobs the vocational expert had identified, the answer was again a negative. [Tr. 1353]. The VE agreed that such an individual would be limited to sedentary work. [Tr. 1352–53].

From all of the above evidence, it is clear to the Court that substantial evidence supports a finding that plaintiff was capable of only sedentary work. Finding that plaintiff's RFC is properly categorized as sedentary necessitates a finding of disability under the Medical-Vocational Guidelines, or GRIDS. 20 C.F.R. Pt. 404, Subpt. P, App'x II § 201.12.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Here, the record does not contain substantial evidence to support a decision of a light work RFC, and plaintiff grids at the appropriate RFC of sedentary, so there is no benefit to reopening the evidence. Accordingly, the court reverses the decision of the Commissioner.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 22] is GRANTED, defendant's motion for judgment on the pleadings [DE 25] is DENIED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this order.

SO ORDERED, this 23 day of December, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE